Battle, J.
 

 The distinction between the special injunction to stay waste, and the common injunction to enjoin a judgment at law, and the principles upon which our practice is governed in relation to both, are so fully discussed and explained in the cases of
 
 *206
 

 Capeheart
 
 v.
 
 Mhoon,
 
 ante 30, and
 
 Lloyd
 
 v. Heath, ante 39, decided at the last term, and in the cases therein referred to, that it would be useless to advert to them here. It is well settled, that on a motion to dissolve an injunction to stay waste, the bill may be read as an affidavit to contradict the answer, and if upon taking the whole together the question is left in doubt, the injunction will be continued until the hearing. Upon that practice this case must be decided ; and the result is, that the injunction must be dissolved. The answer plainly and expressly denies every material allegation of the bill, and that without any equivocation or evasion, while the bill does not state the facts upon which she founds her claim to releif as coming within her own knowledge, but only that she has been informed of, and believes them. How, and from whom, she got her information does not appear. It may have been a mere rumour. Upon which then, is most reliance to be placed ; such a statement, or the apparently frank and full denial of the defendants in reference to the facts within their own knowledge? We think, a jury empannelled to try such an issue, could not hesitate to find the facts in favor of the defendants, and we, as the triers upon the motion to dissolve, must find the same way. The other ground upon which it is sought to continue the injunction, to wit, that the defendant, Benjamin, has brought an action of trespass against the plaintiff for entering upon her own land, is untenable. The lease granted to the defendant, James R. Grist, sets forth, that there were lands within its'general boundaries to which the plaintiff had no-title, and it is not stated, nor pretended, that she wished to acquire the title to them. We cannot therefore, see the force of the argument that the defendants Were constituted her trustees, and as such were not at liberty to buy such lands. If either of them has taken possession of land claimed by her, and brought an action at law against her, the 'question whether it is her land, is a legal question, and must be decided in a Court of law. This Court would not at the hearing undertake to adjudicate upon it, but would send it to a Court of law for tfiüL It would be idle therefore, for this Court now to enjoin-, vihat at the hearing it would direct to be done-. We see no grounds then, upon which the injunction here-tofpre granted can stand ; the motion to dissolve ought to have
 
 *207
 
 been allowed, which must be certified to the Court of Equity for Cumberland County. The plaintiff must pay the costs of this Court. '
 

 Per Curiam. Ordered accordingly.